**IN THE COURT OF APPEALS OF IOWA**

No. 25-0106
Filing May 7, 2025

**IN THE INTEREST OF J.H.,**
**Minor Child,**

**W.M., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, David F. Staudt,

Judge.


A father appeals the termination of his parental rights.  **AFFIRMED.**


Luke C. Jenson of Jenson Law Firm, PLC, Waterloo, for appellant father.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney

General, for appellee State.

Nina Forcier of Forcier Law Office P.L.L.C., Waterloo, attorney and guardian

ad litem for minor child.


Considered without oral argument by Ahlers, P.J., and Badding and

Buller, JJ.

**BULLER, Judge.**

The father appeals the termination of his parental rights to a child born in 2023, challenging the statutory elements and requesting additional time. The mother's rights are not at issue in this appeal. On our review, we affirm.

**Background Facts and Proceedings.** The Iowa Department of Health and Human Services (HHS) became involved with this family shortly after the child's birth in 2023, when the child tested positive for methamphetamine. HHS implemented a safety plan, and the child was removed and adjudicated to be in need of assistance.

By the time of disposition the following January, the mother was incarcerated, and the father had tested positive for marijuana use (which he later admitted). After this, the father declined additional drug-testing until the eve of termination (results pending as of trial), had not yet completed a substance-abuse or mental-health evaluation as of trial, and did not attend in-person or video visits with the child for more than nine months. In the juvenile court's words, the father "went AWOL from participation with [HHS] until October 10 at the time of another hearing."

In the lead-up to the termination trial, the father arguably re-engaged somewhat, attending a few visits. He was unemployed,[1] living at his sister's house, and sleeping on an air mattress in her living room as of trial. And he had a pending criminal charge for possession of marijuana—third or subsequent offense. Although the father testified he had been sober for at least two months, the juvenile

---

[1] The father testified he had "just started" or recently attended orientation at a new job, but the juvenile court did not credit this testimony.

court did not believe him and instead found the father "continue[d] to smoke marijuana" and had not made "any serious attempts at sobriety." The father testified he had "no excuse" and "no reason" for refusing to participate in the substance-abuse and mental-health evaluations and "no excuses" for missing nearly all of his drug-tests.

The child was "thriving" in a concurrent pre-adoptive relative placement. The HHS worker observed the child and her placement were "very bonded" and the child was well-cared-for.

The county attorney, HHS, and the child's guardian ad litem (GAL) all recommended termination of parental rights. The GAL emphasized that, despite the father's claims of recent engagement, he had a total of about six hours of contact with the child over the life of the case, the child was nineteen months old as of trial, and additional time was not warranted in lieu of termination.

The juvenile court denied additional time, emphasizing the father's lack of consistent engagement and that he "hasn't had a period of sobriety since the inception of this case." And the court terminated the father and mother's parental rights under Iowa Code section 232.116(1)(e) and (h) (2024). The father appeals, and we review de novo. *See In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021).

**Statutory Elements.**[2] Although the father challenges the statutory elements under both section 232.116(1)(e) and (h), we need find only one supported by the record to affirm. *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).

---

[2] In his petition on appeal, the father makes some comments regarding HHS's communication efforts. He did not raise below, nor does he raise on appeal, a challenge grounded in "reasonable efforts" made by HHS, so we do not address those scattered complaints.

We focus our review on (h), the only element of which the father challenges is whether the child could be safely returned to his custody as of trial. *See* Iowa Code § 232.116(1)(h)(4); *In re A.S.*, 906 N.W.2d 467, 473 (Iowa 2018). It would be hard for us to improve on the juvenile court's analysis for this element, so we reproduce it below (with a line-break added for readability) and adopt it as our own:

> [The father] remains unemployed, without permanent residence, without proven care-taking abilities, without the needed furniture for the minor child and most significantly without his sobriety. [He] has had seventeen months to prove that he intends on remaining sober and a safe provider for his minor child. [He] has failed to make any serious attempts at becoming sober and remaining sober. He is not financially capable of caring for the minor child. He has not exercised the proper visitation over the last seventeen months to make the Court believe it is possible to return the child to his care at this time.
>
> [The father] thumbed his nose at the programming and services provided by [HHS] over the last seventeen months. Only since the threat of termination has confronted him has he made any attempts at potentially trying to regain custody of his minor child. Those efforts have not proved effective as to the date of the hearing.

We note these observations are consistent with those of the GAL, who opined that "giving the father more time would not likely get us any closer to him getting placement of this child" and "giving him more time doesn't seem fair to the child to just wait around for the parents to do what they need to do." Like the juvenile court and GAL, we conclude the child could not be safely returned to the father's care as of trial. *See In re L.H.*, 13 N.W.3d 627, 629 (Iowa Ct. App. 2024) (holding that unaddressed substance-abuse problems and a failure to progress beyond supervised visits rendered the parent unable to safely resume custody).

**Additional Time.** The father also claims he should have received additional time to work toward reunification. "[T]he juvenile court may deny termination and give the parent an additional six months for reunification only if the

need for removal 'will no longer exist at the end of the additional six-month period.'" *In re W.T.*, 967 N.W.2d 315, 323 (Iowa 2021) (quoting Iowa Code § 232.104(2)(b)). And the parent bears the burden to make that showing. *Id.* at 322–24. The father did not carry his burden here. The father's minimal re-engagement on the eve of termination did not warrant delaying permanency. "The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems." *In re D.A.*, 506 N.W.2d 478, 479 (Iowa Ct. App. 1993) (citation omitted).

**AFFIRMED.**